UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO ROBERTO VARGAS,

Petitioner,

v. Case No.: 2:26-cv-03017-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court is Pablo Roberto Vargas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Vargas's reply (Doc. 6).

Vargas is a native and citizen of Brazil who lawfully entered the United States with a B2 visa on April 14, 2024. He timely filed for asylum and received work authorization, and has maintained steady employment and complied with all immigration requirements. He has no criminal record. On October 29, 2026, Customs and Border Protection (CBP) agents arrested Vargas during a traffic stop and detained him.

The respondents claim CBP issued and served a I-200 Warrant for Arrest of Alien the next day, but the warrant is suspect. The issuing agent electronically signed the warrant at 5:02 a.m. on October 30, 2026, the certificate of service states the warrant was served fifteen minutes earlier, at

4:47 a.m., and the certificate was electronically signed at 4:58 a.m. A warrant cannot be served before it is issued, and the respondents make no attempt to explain the discrepancy. CBP also issued a notice to appear (NTA). It is dated October 30, 2026, but it and its incorporated certificate of service were electronically signed on November 2, 2026. The certificate states it was served on November 2, 2026.

In his habeas petition, Vargas argues his warrantless arrest and detention violate his Fifth Amendment right to due process. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When

a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Vargas the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

There was no legal basis for the arrest because Vargas was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. Vargas has never been convicted of a crime or been accused of evading government officials. On the contrary, he has engaged with the federal government to lawfully enter the country, apply for asylum, and obtain work authorization. The government provides no reason for urgency here. The government violated Vargas's right to due process by arresting him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Pablo Roberto Vargas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Vargas within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record